IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA,          §
                                   §
                Plaintiff,          §
                                   §
VS.                                §          Civil Action No. 3:22-CV-2759-D
                                   §
UMBRELLA FINANCIAL                 §
SERVICES, LLC, et al.,             §
                                   §
                Defendants.         §

MEMORANDUM OPINION
AND ORDER

        In a motion for leave to depose more than 10 fact witnesses, plaintiff United States

of America (the "government") seeks leave to take up to 140 hours of depositions.

Defendants Umbrella Financial Services, LLC ("Umbrella"), Kevin Murphy ("Murphy"),

and Ashley Diondria Fisher ("Fisher") oppose the motion.  For the reasons that follow, the

court grants the motion to the extent of permitting the government to take up to 20

depositions not to exceed 7 hours apiece in duration, and otherwise denies the motion without

prejudice.

I

        Umbrella, owned and operated by Murphy, is a "national licensor of tax preparation

businesses."  Compl. ¶ 1.  Umbrella provides tax preparation resources to licensees who in

turn assist taxpayers in filing their annual tax returns.  The government alleges that Fisher

is employed by Umbrella as "Chief Knowledge Officer."  Compl. ¶ 33.

        The government brought this action against defendants seeking a permanent

injunction preventing them from preparing or filing tax returns for taxpayers other than themselves, working at a business that prepares tax returns or other tax documents, or obtaining a PTIN or an EFIN pursuant to 26 U.S.C. § 7407 for conduct subject to penalty under 26 U.S.C. §§ 6694, 6695.  The government also seeks disgorgement of ill-gotten gains pursuant to 26 U.S.C. § 7402.  It alleges that, over the course of multiple years, in multiple states, Umbrella licensees prepared fraudulent tax returns designed to inflate the amount returned to the taxpayer, thus increasing the commission shared between Umbrella and the licensee.  It asserts that this fraudulent activity has resulted in millions of dollars in tax harm.

In the government's motion and accompanying appendix, it identifies 101 individuals who may have relevant factual information regarding the claims it asserts in this lawsuit. These 101 individuals consist of Murphy, Fisher, two Rule 30(b)(6) witnesses, and various customers, licensees, EFIN and PTIN holders, Umbrella employees, tax preparers, Umbrella contractors, and Umbrella's certified accountant.  At this time, the government has taken no depositions.

II

Under Fed. R. Civ. P. 30(a)(2), a party must obtain leave of court before taking more than 10 depositions if the parties have not stipulated otherwise.  Rule 26(b)(2)(C) provides that a court must limit the frequency or extent of discovery if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to

-2-

> obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by
> Rule 26(b)(1).

The movant "must establish not only the necessity of each deposition identified in his motion (i.e., witnesses 11 through 20), but also the necessity of all the depositions he has taken or will take in reaching the prescribed limit (i.e., witnesses 1 through 10)." *MacKenzie v. Castro*, 2016 WL 3906084, at *5 (N.D. Tex. July 19, 2016) (Fitzwater, J.); *see also Barrow v. Greenville Indep. Sch. Dist.*, 202 F.R.D. 480, 482-83 (N.D. Tex. 2001) (Fitzwater, J.).

III

A

The government seeks leave to take 140 total hours of depositions, contending that this case is complicated and that "[t]he [g]overnment needs these depositions to fully investigate and explore the scope and breadth of Defendants' and their licensees' conduct." P. Br. (ECF No. 26) at 6. It posits that "this testimony is expected to factually support the allegations of the widespread and systemic nature of Defendants' deceitful tax-return preparation business." *Id*. The government does not quantify the specific number of depositions that it wishes to take, but it does identify 101 individuals who it believes may have information relevant to its claims, and it requests 140 hours of depositions, which it describes as "merely the amount of time of ten more traditional depositions." *Id.* at 15.

-3-

B

Defendants contend that the government's motion should be denied because it has yet to take any depositions and therefore cannot satisfy its burden of showing that more than 10 depositions are necessary.  The court disagrees.  The government has alleged widespread fraud, affecting many customers over many years, resulting in millions of dollars in tax harm. It has already established that more than 10 depositions will be necessary to meet its burden of proof.  Moreover, when the movant demonstrates at the outset or at any early stage of a lawsuit that more than 10 depositions will needed, this court has not precluded the movant from taking additional depositions before it has already taken the 10 depositions permitted by Rule 30.  *See MacKenzie*,  2016 WL 3906084, at *5 (stating that movant must demonstrate "the necessity of all the depositions he has taken *or will take* in reaching the prescribed limit" (emphasis added)).  Instead, this court has required that the movant establish the necessity of each deposition that exceeds the tenth deposition and of all the depositions that the movant has taken or will take in reaching the prescribed limit of 10.  *See id.*  This does not necessarily require that the movant has taken any depositions before seeking leave to exceed the 10-deposition limit.

Defendant Fisher contends that the government has failed to establish that the depositions it seeks are relevant and proportional to the needs of the case.  But "[r]elevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."  *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) (Ramirez, J.)

-4-

(quoting *Sheldon v. Vermonty*, 204 F.R.D. 679, 689 (D. Kan. 2001)). For most of the witnesses whom the government seeks to depose, it has identified exactly how the individuals are associated with the company (e.g., whether they are customers, licensees, employees, etcetera), and thus has established how their testimony is relevant to the claims at issue.

As for proportionality, Rule 26(b)(1) lists six factors for the court to consider when determining whether discovery is proportional to the needs of the case: (1) "the importance of the issues at stake in the action," (2) "the amount in controversy," (3) "the parties' relative access to relevant information," (4) "the parties' resources," (5) "the importance of the discovery in resolving the issues," and (6) "whether the burden or expense of the proposed discovery outweighs its likely benefit." Rule 26(b)(1). Here, the government is seeking to enjoin a multimillion dollar company from continuing its business, alleging that the government has suffered millions of dollars in tax harm as a result of defendants' actions. As a matter of public policy, allegations that a defendant has caused millions of dollars in tax harm is of high public importance. And without the testimony of multiple employees, customers, licensees, etcetera, the government may (if not likely will) be unable to prove its allegations of widespread fraud affecting multiple people over many years. Finally, the likely benefit of the proposed discovery is not outweighed by its burden or expense. Thus the court finds that the proposed discovery is proportional to the needs of the case. And it finds that the government has met its burden for obtaining leave to take more than 10 depositions.

C

The government does not specify the number of depositions that it desires to take; instead, it seeks leave to conduct 140 total hours of depositions.  The government does not cite, and the court is unaware of, any authority for the court to authorize leave to take excess depositions measured by the total number of hours rather than by a total number of depositions.  Indeed, Rule 30 provides that a party may take 10 depositions without leave of court, and each deposition may last up to 7 hours.  It does *not* state that a party may take up to 70 hours of depositions, regardless of how many depositions are taken.  The court therefore denies the government's request to conduct 140 hours of depositions.

But the court concludes that the government has made the required showing to obtain leave to take up to 20 depositions not to exceed 7 hours apiece in duration.  And it otherwise denies the government's motion without prejudice to its seeking additional depositions at a later time, showing the necessity of each additional deposition it seeks to take and of all the depositions it has taken.  *See Barrow*, 202 F.R.D. at 482-83.

**SO ORDERED**.

June 21, 2023.

SIDNEY A. FITZWATER
SENIOR JUDGE