IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:22-CV-2759-D |
| | § | |
| UMBRELLA FINANCIAL | § | |
| SERVICES, LLC, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff United States of America (the "government") moves to compel discovery from defendant Umbrella Financial Services, LLC ("Umbrella") and to extend the discovery and other deadlines in this case. Defendants Umbrella and Kevin Murphy ("Murphy") (collectively, the "Umbrella Defendants") and *pro se* defendant Ashley Diondria Fisher ("Fisher") oppose the motion, and the Umbrella Defendants move for leave to file a surreply. For the reasons that follow, the court grants the government's motion to compel discovery and extend the discovery and other deadlines and denies the Umbrella Defendants' motion for leave to file a surreply.

I

The government has thus far served Umbrella with several requests for production and several sets of interrogatories. Umbrella has produced some responsive documents and has responded to the interrogatories, but the government maintains that Umbrella possesses more information than it has produced: that Umbrella is withholding the information, has spoliated

it, or has otherwise failed in self-collection. Accordingly, considering Umbrella's allegedly deficient discovery production and responses, the government moves to compel, seeking an order that (1) requires Umbrella to produce documents that the government maintains Umbrella possesses but has failed to produce; (2) orders Umbrella to respond more fully to two interrogatories; and (3) extends the discovery and other deadlines in this case for six months. Defendants oppose the motion, and the Umbrella Defendants move for leave to file a surreply. The court is deciding these motions on the briefs, without oral argument.

II

The court turns first to the government's motion to compel.

A

Under Fed. R. Civ. P. 26(b)(1),

> [u]nless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Rule 26(b)(1). And under Rule 37, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" when the party from whom discovery is sought fails to produce requested documents or to respond to an interrogatory or request for admission. Rule 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Rule 37(a)(4).

The parties opposing the motion to compel bear the burden of proof. In the Fifth Circuit, "a party who opposes its opponent's request for production [must] 'show specifically how . . . each [request] is not relevant or how each [request] is overly broad, burdensome, or oppressive.'" *Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005) (Lynn, J.) (second and third alterations in original) (quoting *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)); *see also Orchestrate HR, Inc. v. Trombetta*, 178 F.Supp.3d 476, 506 (N.D. Tex. 2016) (Horan, J.) (citations omitted). "A mere statement by a party that a request is 'overly broad and unduly burdensome' is not adequate to voice a successful objection." *SEC v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) (Ramirez, J.) (citation omitted). To the contrary, "[a] party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request." *Id.* (citations omitted).

B

1

The government seeks two forms of relief. First, it moves to compel Umbrella to produce more documents related to its alleged trafficking of Electronic Filing Identification Numbers ("EFINs"). The government maintains that Umbrella possesses additional documents because, in response to a subpoena, software company RightWay Tax Solutions, Inc. ("RightWay") produced hundreds of documents that seemingly indicate such trafficking by Umbrella. Notably, many of these documents were communications between RightWay and Umbrella sent or received in 2023, when this suit was pending and Umbrella had a duty

to preserve evidence, but which Umbrella has not produced. According to the government, this suggests that Umbrella may possess even more responsive documents than either Umbrella or RightWay has produced so far.

Second, the government moves to compel Umbrella to respond more fully to these two interrogatories:

> <u>Interrogatory No. 13</u>: Identify any Licensees for the last five years that had no involvement in either preparing tax returns for customers or hiring tax return preparers.
>
> <u>Interrogatory No. 14</u>: Identify any Licensees for the last five years that have prepared tax returns or have hired a Tax Return Preparer in which you received a royalty from the tax preparation.

P. App. (ECF No. 46) at 39-40. The "Instructions" section of the interrogatories provides that, where the term "identify" is used with reference to a person, the interrogatory requests the person's full name, present or last known address, email address, telephone number, and present or last known place of employment and job title. *Id.* at 34. Umbrella responded to these interrogatories in November 2023 by pointing the government to two documents that it had already produced in discovery, stating that these were the only documents it possessed that contained such information. The government maintains that this response is incomplete because (1) the two documents do not contain sufficient information to "identify" the licensees named in them, and (2) one of the documents—which Umbrella maintains is a full list of licensees in its records—has been shown to be inaccurate. The government contends that the document is inaccurate because (a) Murphy, in a June 22, 2023 deposition for

another lawsuit, stated that he was unsure whether the document was a complete and accurate list of all of Umbrella's licensees, and (b) the government's review of other documents in this case reveals that at least one licensee was omitted from the document.

The Umbrella Defendants respond that the information is irrelevant to the government's claims and that requiring Umbrella to produce additional documents or submit additional responses to interrogatories would be unduly burdensome, both because Umbrella does not have access to any other records besides those already produced and because additional production would involve significant time, expense, and duplicative effort.

2

Defendants have not met their burden of showing that the information the government seeks is irrelevant. The Umbrella Defendants assert that information related to EFIN trafficking cannot be relevant to the government's claims because the term "EFIN trafficking" does not appear in, and does not provide the government a cause of action under, the Internal Revenue Code. The Umbrella Defendants also contend that this information must be irrelevant because certain Internal Revenue Service ("IRS") Revenue Agents did not know which IRS regulation(s) would support a lawsuit concerning EFIN trafficking. The court disagrees. "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Taylor v. Rothstein Kass & Co.*, 2020 WL 7321174, at *2 (N.D. Tex. Dec. 11, 2020) (Fitzwater, J.) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) (Ramirez, J.)). Here, there is at least a possibility that

information related to EFIN trafficking may be relevant to the causes of action asserted in the government's complaint. The court therefore concludes that defendants have failed to satisfy their burden of showing that the information the government seeks is irrelevant.

Defendants have also failed to show that the information the government seeks is overly broad, burdensome, or oppressive. The Umbrella Defendants contend, first, that they "do not have access to any other records besides the information and documents already provided to the Government." Ds. Br. (ECF No. 48) at 12. They maintain that (1) Murphy purchased a new cell phone in 2020 and thereafter lost access to any text messages stored on his prior cell phone; (2) Umbrella switched cloud storage providers in 2018 and no longer has access to files on its previous provider's platform; and (3) Umbrella, as a small business, does not have a robust document retention policy. The Umbrella Defendants assert, second, that they "cannot reasonably access the information sought because of undue burden and cost," because Umbrella is "owned by a minority who does not have the financial resources to complete the additional searches." Ds. Br. (ECF No. 48) at 17. The Umbrella Defendants posit that further discovery would be duplicative because the government has already obtained many documents from RightWay.

The Umbrella Defendants' objections do not satisfy their obligation to make "a specific, detailed showing of how [the government's] request is burdensome." *Brady*, 238 F.R.D. at 437. While the Umbrella Defendants have presented a declaration from Murphy that purports to make such a showing, the declaration essentially repeats the assertions made in the Umbrella Defendants' response to the government's motion to compel and does not

provide detail or proof of the time or expense that would be required to produce the additional discovery. The Umbrella Defendants have also failed to present evidence, beyond Murphy's declaration describing his own self-collection efforts, to back their assertion that Umbrella possesses no further records responsive to the government's requests. The court therefore concludes that defendants have also failed to satisfy their burden of showing that the information the government seeks is overly broad, burdensome, or oppressive.

3

The court now considers the relief that it should accord the government in granting its motion to compel.

Obviously, the court "cannot compel a party to produce discovery not in [the party's] possession, custody, or control." *McElvy v. Sw. Corr., LLC*, 2023 WL 7184040, at *2 (N.D. Tex. Nov. 1, 2023) (Godbey, C.J.). But the government has presented compelling evidence "demonstrat[ing] that [Umbrella's] search was incomplete or that . . . additional information exists that was not provided." *Randolph v. Shuga Smack Jac, LLC*, 2020 WL 5984354, at *6 (M.D. La. Oct. 8, 2020). In light of the government's showing that Umbrella has not fully complied with its discovery obligations, it is appropriate to require Umbrella to undertake additional steps that will enable the government to verify Umbrella's compliance.

Umbrella has so far undertaken only self-collection efforts rather than engaging an independent third party to conduct its own collection efforts or to monitor Umbrella's, and it has rejected suggestions that it submit to third-party collection or monitoring going forward. The government is entitled to test the Umbrella Defendants' assertions that

Umbrella has no further information or documents to produce and that additional discovery would be overly burdensome.

Accordingly, the court grants the government's motion to compel as follows. The government may serve a Rule 30(b)(6) notice of deposition on Umbrella specifying as "the matters for examination" any matters that relate to whether Umbrella has within its possession, custody, or control information or documents that are responsive to the government's interrogatories or requests for production but that Umbrella has not yet provided or produced, and to whether the discovery the government seeks is overly broad, burdensome, or oppressive. If, after completing the Rule 30(b)(6) deposition(s), the government can demonstrate that Umbrella has such information or documents within its possession, custody, or control that are responsive to a government discovery request but that Umbrella has not disclosed or produced, as required, the government may seek further relief from the court, including appointment of an independent third party to conduct its own collection efforts or to monitor Umbrella's.

III

The court turns next to the government's request to extend the discovery and other deadlines in this case. *See* P. Br. (ECF No. 45) at 3 ("the Government requests a six-month continuance of the discovery deadline from January 11, 2024 to July 19, 2024, as well as other deadlines"). The government does not explicitly request a continuance of the trial, which is currently set on the two-week docket of June 3, 2024, but such a continuance will be necessary if the discovery and other deadlines are extended by six months.

A

Rule 16(b)(4) governs a party's request to modify a scheduling order. *Cartier v. Egana of Switz. (Am.) Corp.*, 2009 WL 614820, at *2 (N.D. Tex. Mar. 11, 2009) (Fitzwater, C.J.). "To modify the scheduling order, a party must demonstrate good cause and obtain the judge's consent." *Rodrigues v. US Bank Nat'l Ass'n*, 2021 WL 2077650, at *1 (N.D. Tex. May 24, 2021) (Fitzwater, J.) (citing *Cartier*, 2009 WL 614820, at *2). The good cause standard "require[s] the movant 'to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Puig v. Citibank, N.A.*, 514 Fed. Appx. 483, 487-88 (5th Cir. 2013) (per curiam) (quoting *S & W Enters., LLC v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003)).

In determining whether the movant has met its burden under Rule 16(b)(4), the court considers four factors: "(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice." *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015) (alterations adopted) (citation omitted). The court considers the four factors holistically and "does not mechanically count the number of factors that favor each side." *EEOC v. Serv. Temps, Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012).

B

1

The court first considers the government's explanation. The government asserts that it cannot complete discovery by the current deadline because of the Umbrella Defendants' failure to timely produce all requested documents and respond fully to all interrogatories. It maintains that Umbrella will essentially "need[] to redo its document collection and production to verify that it is wholesome," and that doing so "will take time." P. Br. (ECF No. 45) at 23.

2

The court next considers the importance of the modification. The government asserts that the modification is important because the delay caused by the Umbrella Defendants' allegedly inadequate discovery responses has delayed depositions that the government intends to take and prevented other possible depositions based on information the government believes Umbrella's full discovery responses would identify. The government maintains that it will be better prepared for such depositions after Umbrella has produced the anticipated information. Furthermore, given that the court is granting the government's motion to compel, it must allow time for the parties to carry out the procedures provided for under the court's ruling.

3

The court next considers the potential prejudice that the government's requested modification would cause. The government asserts that any prejudice to defendants in

granting the requested modification would be minimal because any burden on defendants created by a modification of the scheduling order would be "their own doing." P. Br. (ECF No. 45) at 23-24. Defendant Fisher, on the other hand, contends that a six-month extension of deadlines will "significantly affect[]" her "financial stability, time, and mental well-being" because an extension of this already protracted litigation will continue to detrimentally impact her business and reputation. D. Br. (ECF No. 50) at 3. An extension will likely have the same effect on the Umbrella Defendants, as well.

4

Finally, the court considers the extent to which a continuance would alleviate any prejudice. For its part, the government asserts that a continuance of these deadlines for six months would give Umbrella ample time to comply with its discovery obligations and would "cure any prejudice [Umbrella] might face by being compelled to cure its deficiencies." P. Br. (ECF No. 45) at 24.

5

Evaluating the four factors holistically, the court concludes that an extension of the discovery and other deadlines is warranted. The court has held above that Umbrella must be compelled to engage in additional, potentially extensive production. Such discovery will take time. Although, as Fisher points out, this extension will likely affect the defendants' businesses, this consideration does not outweigh the other factors in this analysis, which all point toward allowing an extension. And any impact of delay on the defendants' businesses that is attributable to Umbrella's failure to comply with its discovery obligations would be

the fault of Umbrella, not the government. The court therefore extends the discovery and other deadlines in this case for six months from their current deadlines, and it continues the trial setting to the two-week docket of December 9, 2024.

IV

The court turns next to Umbrella's motion for leave to file a surreply to the government's reply brief.

Although this court often allows the filing of a surreply and then a final reply, *see Springs Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 240 (N.D. Tex. 1991) (Fitzwater, J.), "[i]n seeking leave to file a surreply brief, a party must identify the new issues, theories, or arguments which the movant raised for the first time in its reply brief," *Silo Rest. Inc. v. Allied Prop. & Cas. Ins. Co.*, 420 F.Supp.3d 562, 571 (W.D. Tex. 2019) (citation omitted). In their motion, the Umbrella Defendants do not identify any new issue, theory, or argument raised for the first time in the government's reply brief. Instead, they rely on information from a recent deposition that they maintain bolsters their position that the government's motion to compel and to extend deadlines should be denied. Because the Umbrella Defendants have not demonstrated sufficient grounds for filing a surreply, the court denies their motion.

* * *

For the reasons explained, the court grants the government's motion to compel and to extend deadlines and denies the Umbrella Defendants' motion to file a surreply.

**SO ORDERED**.

January 10, 2024.

                                                    SIDNEY A. FITZWATER
                                                    SENIOR JUDGE